USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/15/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
JUNIOR MENTOR, Individually and on
behalf of others similarly situated, and
POUTTLEY PIERRE,

                       Plaintiffs,

      -against-

IMPERIAL PARKING SYSTEMS, INC.,
et al.,

                       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

05 Civ. 7993 (WHP)

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, District Judge:

        Plaintiffs are parking attendants at eighty-one parking garages owned by Defendants in New York. They bring this class action under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for unpaid wages. By Memorandum and Order dated January 7, 2009, this court preliminarily approved a settlement. On September 23, 2010, this Court conducted a final approval hearing. For the reasons set forth below, the parties' settlement is approved and the motions for attorneys' fees and costs are granted in part and denied in part.

## DISCUSSION

I. <u>Final Approval</u>

        On September 27, 2007, this Court certified a class consisting of parking attendants employed by Defendants between November 15, 1999 and the filing of this action who were denied overtime or vacation pay (the "Class"). After a settlement conference with Magistrate Judge Maas and additional negotiations, the parties agreed to resolve this action for

$690,000 and an additional $100,000 in attorneys' fees for the period through October 17, 2007 (the "Settlement"). (See Declaration of Edward J. Phillips dated Oct. 22, 2010 ("Phillips Decl.") Ex. A: Stipulation of Settlement entered April 18, 2008 ("Settlement Agreement") §§ 1.11, 12.2.) The Settlement covers parking attendants employed by Defendants between September 15, 1999 and September 15, 2005. (Settlement Agreement § 6.) Plaintiffs' accountant determined that the unpaid wages totaled $422,872.17. (Settlement Agreement § 10.1(d).) The Settlement also provided that the named plaintiffs, Junior Mentor ("Mentor") and Pouttley A. Pierre ("Pierre") would receive incentive payments of $40,000 and $15,000, respectively. (Settlement Agreement § 11.) The Settlement provided that any moneys remaining after the payment of claims, attorneys' fees, and expenses will be returned to Defendants. (Settlement Agreement § 12.4.)

The Settlement was reached after arm's length negotiations between the parties with the assistance of the Magistrate Judge. Notice of the proposed settlement was mailed to each of the opt-in plaintiffs. No one objected.

A "presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's length negotiations between experienced, capable counsel after meaningful discovery." Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 116 (2d Cir. 2005). Nonetheless, when considering whether to approve a class action settlement, a district court must "carefully scrutinize the settlement to ensure its fairness, adequacy and reasonableness, and that it was not a product of collusion." D'Amato v. Deutsche Bank, 236 F.3d 78, 85 (2d Cir. 2001) (citation omitted).

In City of Detroit v. Grinnell Corp., 495 F.2d 448, 462-63 (2d Cir. 1974), the Second Circuit identified nine factors for the Court to consider in determining whether to approve a class action settlement:

> (1) the complexity, expense and likely duration of the litigation, (2) the reaction of the class to the settlement, (3) the stage of the proceedings and the amount of discovery completed, (4) the risks of establishing liability, (5) the risks of establishing damages, (6) the risks of maintaining the class action through the trial, (7) the ability of the defendants to withstand a greater judgment, (8) the range of reasonableness of the settlement fund in light of the best possible recovery, and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

While the parties completed only a minimal amount of discovery, this was neither a complex matter, nor were the risks of establishing liability or damages particularly high. The settlement will compensate each class member for lost overtime wages, and there have been no objections. Accordingly, the Court finds that the settlement is reasonable and approves it.

II. Incentive Payments to Mentor & Pierre

"'The amount of the incentive award is related to the personal risk incurred by the individual or any additional effort expended by the individual for the benefit of the lawsuit.'" Bricker v. Planet Hollywood N.Y., L.P., No. 08 Civ. 443 (WHP), 2009 WL 2603149, at *2 (S.D.N.Y. Aug. 13, 2009) (quoting Fears v. Wilhelmina Model Agency, Inc., 02 Civ. 4911 (HB), 2005 WL 1041134, at *3 (S.D.N.Y. May 5, 2005).) Both Mentor and Pierre were actively involved in the prosecution of this case. They reviewed documents, spoke to current and former employees about the case, and travelled to New York to attend conferences at their own expense during the five-year pendency of this action. (Declaration of Junior Mentor dated Sept. 16, 2010 ("Mentor Decl."); Declaration of Pouttley A. Pierre dated Sept. 21, 2010 ("Pierre Decl.").) In

fact, Mentor decided to apply to law school and has now nearly completed the requirements for his degree. Accordingly, the Court approves these incentive payments.

III. Attorneys' Fees

    A. The Attorneys

Three different law firms represented the Class as this action followed its circuitous path towards resolution. Initially, Mentor and Pierre retained Michael Shen, Esq. (Declaration of Michael Shen, dated June 26, 2009 ("Shen Decl.") ¶ 7.) Shen represented them until approximately July 20, 2007. (Shen Decl. ¶ 7.) Shen seeks $60,000 in attorneys' fees and costs. (See Phillips Decl. Ex. E: Stipulation Agreement dated June 30, 2009 between Michael Shen and Emmanuel Roy.) During the course of his representation, he filed this action, conducted discovery, retained an accounting expert, briefed the motion to certify the class, and engaged in settlement discussions. (Shen Decl. ¶ 8.) At Mentor's request, Shen also assisted the attorney who displaced him as counsel in this action. (Shen Decl. ¶¶ 23, 27.)

On July 20, 2007, this Court granted Plaintiffs' request to substitute Emmanuel Roy for Shen. (See Docket No. 40.) Roy, who represented Plaintiffs from that time until this Court relieved him on February 9, 2010, seeks $61,903.05. As Class Counsel, Roy argued the class certification motion previously briefed by Shen and completed settlement negotiations.

By memorandum and order dated January 7, 2009, this Court preliminarily approved the proposed settlement. Thereafter, Roy ignored this Court's instructions regarding notice to the Class and failed to discharge his professional responsibilities to the Class and the Court. Plaintiffs noted their dissatisfaction with Roy. (See, e.g., Mentor Decl. ¶ 15 ("Unfortunately, the legal services . . . rendered by Attorney Roy were less than satisfactory.

Due to his laziness, I performed most of the legal research for the case. . . . I wrote drafts for motion papers and affidavits. . . . I provided ideas and feedback for Attorney Roy, who had few original thoughts or insights of his own.").)

In October 2009, this Court learned from an article in the New York Law Journal that Roy had been indicted in this District in connection with an alleged multimillion dollar home mortgage fraud scam. See Indictment, United States v. Siony, No. 09 Cr. 940 (TPG) (S.D.N.Y. Oct. 1, 2009). Acting on that information, this Court scheduled a conference to consider removal of Roy as Class Counsel. (Docket No. 84.) This Court removed Roy on February 9, 2010 and appointed Edward J. Phillips, Esq, of Keane & Beane, P.C., in his stead. (Docket No. 88.) On February 18, 2010, the Appellate Division, First Department, accepted Roy's resignation from the bar following his concession that he could not successfully defend himself against thirty-eight Disciplinary Committee charges that included dishonesty, fraud, deceit and misrepresentation. In re Roy, 894 N.Y.S.2d 425, 426-27 (N.Y. App. Div. 2010).

In relieving Roy, this Court concluded that it was necessary to "start over with the process" of approval and distribution of notice to the class, as well as final approval. (Transcript dated Feb. 5, 2010 ("Tr.") at 4.) Roy needlessly complicated Phillips's task by refusing to provide access to his files for nearly two months, despite this Court's direction that he do so. (Phillips Decl. ¶¶ 24-30; Tr. at 2 ("Mr. Roy . . . I expect that you will cooperate in every way with Mr. Phillips for an orderly transfer of this file.").) Roy only relented after this Court scheduled a conference to address the issue. (See Docket No. 91.)

Phillips succeeded where Roy failed. He worked closely with the named plaintiffs, redrafted the notice and claim documents, and retained a claims administrator. (Phillips Decl. ¶ 23.) Additionally, Phillips has monitored the results of the notice and outreach efforts of

the claims administrator, responded to inquiries from Class members concerning the status of the settlement, and prepared for and attended the fairness hearing. (Phillips Decl. ¶ 23.) Phillips seeks $37,930.38, together with the sum of $9,837.50 to pay Plaintiffs' expert Glenn Pannenborg, CPA. (Phillips Decl. ¶¶ 3, 42.)

B. Fees

"[B]oth the lodestar and the percentage of the fund methods are available to district judges in calculating attorneys' fees in common fund cases." Goldberger v. Integrated Res., Inc., 209 F.3d 43, 50 (2d Cir. 2000). "[W]hether calculated pursuant to the lodestar or the percentage method, the fees awarded in common fund cases may not exceed what is reasonable under the circumstances." Goldberger, 209 F.3d at 47 (citations and internal quotation marks omitted). Under either method, the Court is guided by the following criteria: (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations. See Goldberger, 209 F.3d at 50.

"The Court can . . . reduce fees 'by a reasonable amount without providing an item-by-item accounting.'" United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc., 601 F. Supp. 2d 45, 50 (D.D.C. 2009) (quoting Role Models Am., Inc. v. Brownlee, 353 F.3d 962, 973 (D.C. Cir. 2004).) "Culling through the minutiae of the time records each time a fee petition is submitted . . . would be impossible 'lest [the Court] abdicate the remainder of its judicial responsibilities for an indefinite time period.'" Miller, 601 F. Supp. 2d at 50-51 (quoting Cobell v. Norton, 407 F. Supp. 2d 140, 166 (D.D.C. 2005)). A reduction in the number of compensable hours may be the result of inefficiencies, not improper billing. See Kahlil v. Original Old Homestead Rest., Inc., 657 F. Supp. 2d 470, 476-77 (S.D.N.Y. 2009).

6

The Settlement provided for payment of $100,000 to Plaintiffs' counsel, inclusive of costs and expenses, subject to Court approval. (Settlement Agreement ¶ 12.2.) In May 2008, a dispute arose between Shen and Roy regarding allocation of the $100,000 sum reserved for attorneys' fees. This Court referred that dispute to Magistrate Judge Maas. In a Report and Recommendation dated October 6, 2008 (the "Report"), Magistrate Judge Maas recommended that Shen be awarded $53,680 in fees and Roy be awarded $58,170. (Report at 18-19.) This Court adopted the Report as to the ratio for allocating attorneys' fees, but reserved decision on the final amounts.

Subsequent events revealed the wisdom of that reservation. As described above, circumstances have changed dramatically and this Court was required to find a new counsel to represent Plaintiffs and bring this matter to a successful conclusion. Against this backdrop, the Court turns to each fee application.

1. Shen

Shen provided high quality representation in this action—he filed this action, conducted discovery, retained an accounting expert, and briefed the motion to certify the class. The Magistrate Judge recommended that Shen be awarded $53,680. (See Report at 3.) This sum reflects the substantial contribution Shen made to resolution of this action. Accordingly, Shen is entitled to an award of $53,680 for fees. His unexceptional request for $2,270.25 in expenses ($2,000 for the retainer his firm initially paid Pannenborg, $20.25 for mailing costs, and $250 for the filing fee in this case) is approved. (Shen Decl. ¶ 46; Phillips Decl. ¶¶ 41-42.)

2. Roy

While Roy succeeded in settling this action, his representation of the Class was otherwise abysmal—he failed to comply with this Court's orders preliminarily approving the

Settlement and directing that notice be provided to the Class. Moreover, even before Roy's alleged criminal conduct surfaced, this Court characterized his billing as "excessive and objectionable." (See Docket No. 71: Memorandum and Order dated January 7, 2009, at 4.) Accordingly, this Court will not attempt to parse his billing records. Rather, in consideration of Roy's work on this case—namely his successful completion of settlement negotiations—this Court awards him the sum of $10,000. In making this award, this Court notes that it seriously considered denying Roy any fees at all because of his neglect, his failure to comply with Court orders, and his dishonesty. See Universal Acupuncture Pain Servs., P.C. v. Quadrino & Schwartz, P.C., 370 F.3d 259, 263 (2d Cir. 2004) ("If a lawyer is discharged for cause, he or she is not entitled to legal fees.").

   3. Phillips

Phillips performed his duties admirably, bringing this action to an expeditious and efficient conclusion. In support of his motion, Phillips submitted detailed, reasonable time records. (Phillips Decl. Ex. B: Invoice for Professional Services dated Oct. 22, 2010; Supplemental Declaration of Edward J. Phillips dated Nov. 9, 2010 Ex. A: Invoice for Professional Services dated Nov. 9, 2010). Additionally, Phillips's hourly rate of $295 falls squarely within the range for attorneys with similar skill, experience, and reputation. Coe v. Town of Blooming Grove, 714 F. Supp. 2d 439, 450 (S.D.N.Y. 2010) ("The range of rates for civil rights attorneys in the Southern District of New York is between $225 and $375 per hour."); Torres v. City of N.Y., No. 07 Civ. 3473 (GEL), 2008 WL 419306, at *1 (S.D.N.Y. Feb. 14, 2008) (finding $350 per hour rate for attorney with ten years experience reasonable). Thus, an

award of $37,930.38 is appropriate. Additionally, Phillips's request for $9,837.50 in expenses is well documented and approved.[1]

## CONCLUSION

Accordingly, for the reasons set forth above, final approval of the parties' settlement of this action is granted. Incentive payments to Junior Mentor in the amount of $40,000 and Pouttley A. Pierre in the amount of $15,000 are approved. Finally, attorneys' fees and costs are awarded to Michael Shen in the amount of $55,950.25; Emmanuel Roy in the amount of $10,000; and Edward J. Phillips in the amount of $47,767.88. Class counsel Edward J. Phillips is directed to submit a proposed Final Judgment consistent with this Memorandum and Order. Phillips may submit an application for any additional fees or expenses incurred in connection with the administration of the Settlement. The Clerk of Court is directed to terminate all motions and mark this case as closed.

Dated:   December 15, 2010
         New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

---

[1] While this sum, when added to the amounts awarded Shen and Roy, exceeds the $100,000 provided for in the Settlement, the parties agree that the attorney's fee sought by Phillips is not limited by the Settlement. (See Affirmation of Douglas A. Rowe dated Nov. 5, 2010 at ¶ 12.)

*Counsel of Record*:

Edward J. Phillips, Esq.
Keane & Beane, P.C.
One North Broadway
White Plains, New York, 10601
*Counsel for Plaintiffs*

Douglas E. Rowe, Esq.
Certilman Balin Adler & Hyman, LLP
90 Merrick Avenue
East Meadow, NY 11554
*Counsel for Defendants*

*Copies Mailed To:*

Michael Shen, Esq.
Michael Shen & Associates, P.C.
55 West End Ave., Suite S151
New York, NY 10023
*Former Class Counsel*

Hernandez M. Rhau, Esq.
Law Office of Hernandez M. Rhau, P.C.
12 Desbrosses Street, 2d Floor
New York, NY 10013
*Counsel to Roy & Associates, P.C.*